IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY J. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-118-D |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 16] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). In this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g), Judge Purcell recommends affirmance of a final decision of the Commissioner denying Plaintiff's application for disability insurance benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of the specific issues raised by Plaintiff's objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Briefly stated, the ALJ found in the sequential analysis as follows: Plaintiff has severe impairments of right shoulder impingement, diabetes with retinopathy, hypertension, osteoporosis, a history of right hip fracture, and status post cardiac cautherization and stenting; these impairments are not *per se* disabling under the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P., app. 1; Plaintiff has the residual functional capacity to perform a limited range of light work; and Plaintiff is capable of performing her past relevant work as an administrative assistant, secretary, paralegal, accounting clerk, receptionist, or general office clerk. In appealing the ALJ's determination that

Plaintiff is not under a disability as defined by the Act, Plaintiff raises two propositions of error: 1) the ALJ erred in her credibility analysis; and 2) the ALJ failed to properly evaluate the medical evidence.

After careful consideration of Plaintiff's arguments, the record evidence, and controlling legal authorities, Judge Purcell rejects Plaintiff's contentions of error. Judge Purcell concludes the ALJ's credibility analysis was adequately explained, properly performed, and well supported by the record. Judge Purcell also concludes the ALJ properly evaluated the opinion of a treating physician, Dr. Edward Shadid, M.D., and the non-acceptable medical source opinion of a treating physician's assistant, Betty Wymer, P.A.-C. Judge Purcell rejects Plaintiff's contention that the ALJ was required to recontact Dr. Shadid for additional information.

In her objection, Plaintiff simply restates the arguments presented in her opening brief, repeating them verbatim after adding an introductory paragraph stating that Judge Purcell "does a significant amount of analysis and gap-filling" for the ALJ and provides "a significant amount of *post hoc* justification." *See* Pl.'s Objection [Doc. No. 17] at 1-2. *Compare id.* at 2-14 *with* Pl.'s Br. [Doc. No. 12] at 2-15. Plaintiff does not identify any particular part of Judge Purcell's Report that amounts to *post hoc* analysis or gap-filling. Under the court of appeals' firm waiver rule, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Upon consideration of Plaintiff's objection in this case, the Court finds that Plaintiff fails to present a specific issue for *de novo* consideration. *See id.* ("an objection stating only 'I object' preserves no issue for review") (internal quotation omitted).

In any event, if all the arguments presented in Plaintiff's opening brief and copied into her objection were to be considered, the Court would find itself in full agreement with Judge Purcell's

analysis and conclusions. Because the Court cannot add significantly to Judge Purcell's discussion of the issues and the record evidence, the Court adopts the Report and Recommendation in its entirety, as though fully set forth herein.

IT IS THEREFORE ORDERED that Judge Purcell's Report and Recommendation [Doc. No. 16] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 14th day of May, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE